IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-689-KS

JAMES ADAMS, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
    Defendant. )

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 15 & 19], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff James Adams filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On August 26, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and the matter is remanded to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on November 2, 2011, alleging disability beginning September 2, 2011. (Tr. 56, 64, 138.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 56, 64.) On

April 16, 2013, a hearing was held before Administrative Law Judge Edward W. Seery ("ALJ"), who issued an unfavorable ruling on June 25, 2013. (Tr. 19.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

**I.      Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 19.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since September 2, 2011. (Tr. 12.) Next, he determined that Plaintiff had the following severe impairment: diffuse arthralgia of the spine attributed to fibromyalgia. (Tr. 12.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had "the capacity to perform the full range of medium work at defined in" 20 C.F.R. § 404.1567(c). (Tr. 13.) The ALJ further determined that Plaintiff could

not perform past relevant work but, based upon his age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 18.)

IV.     **Plaintiff's Contentions**

Plaintiff challenges the Commissioner's final decision denying benefits on three grounds. Plaintiff first contends that the ALJ improperly evaluated medical opinions of Plaintiff's treating physicians. Second, Plaintiff asserts that the ALJ improperly evaluated Plaintiff's credibility. Lastly, Plaintiff alleges that the ALJ inadequately evaluated the favorable disability determination of the North Carolina Department of Health and Human Services ("NCDHHS").

   a.     **Medical Opinions**

Plaintiff contends that the ALJ erred by assigning little weight to the medical opinions of Plaintiff's treating physicians, Dr. Marck Reznick and Dr. Susan Glenn. An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §

404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the treating physician's opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist in the field in which the opinion is rendered. 20 C.F.R. 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

Here, the ALJ assigned little weight to each treating physician stating that Dr. Reznick's "opinion was given on October 20, 2011, and this was just two months after the claimant had injured himself and possibly not recovered to his baseline. This opinion was given without having the opportunity to review the record as a whole and was given little weight by the undersigned." (Tr. 17.) The ALJ assigned Dr. Glenn little weight because "they seemed to rely heavily on the claimant's subjective complaints and claims of his inability to work and not on the objective evidence." (Tr. 17.) Regarding the non-examining state consultants' opinions, the ALJ stated,

> Jack Drummond, M.D., stated the claimant was able to do medium level work. Nancy Chang subsequently affirmed this assessment. Similarly, Frank Virgili, M.D., stated the claimant could do medium work with frequently climbing ramps, stairs, ladders, ropes, and scaffolds, and frequent balancing and stooping. These opinions were given greater weight with the greatest weight given to Dr. Drummond's opinion because the objective findings support some degenerative changes, tenderness along the lumbar spine, and restricted range of motion at the shoulder.

(Tr. 17.)

The ALJ's determination of weight accorded to each medical opinion is not supported by substantial evidence. Dr. Virgili's opinion was dated December 8, 2011 and Dr. Drummond's opinion was dated January 9, 2012. (Tr. 63, 74.) Plaintiff did not have his first appointment with Dr. Glenn until December 2, 2011 (Tr. 258), and he did not have a working diagnosis of fibromyalgia until July 3, 2012 (Tr. 261). Moreover, there is at least one year of medical records post-dating Dr. Drummond's opinion, which neither Dr. Drummond nor Dr. Virgili had to opportunity to review. Furthermore, the ALJ found Plaintiff's fibromyalgia to be a component of his severe impairment, but neither Dr. Virgil nor Dr. Drummond considered Plaintiff's fibromyalgia[1] in their opinions. Accordingly, the case is remanded so that the weight of the medical opinion evidence may be properly addressed.

b. **Medicaid Determination**

The final responsibility for determining whether an individual is disabled under the Social Security Act is reserved to the Commissioner. Thus, disability decisions by other governmental agencies are not binding on the Commissioner. *Alexander v. Astrue*, No. 5:09-CV-432-FL, 2010 WL 4668312, at *2-3 (E.D.N.C. Nov. 5, 2010); 20 C.F.R. § 404.1504. Nevertheless, such decisions are evidence. *Alexander*, 2010 WL 4668312, at *2; 20 C.F.R. § 404.1512(b)(5). In making a disability determination, the Commissioner must evaluate and give due consideration to

---

[1] The court also notes that the ALJ gave little weight to Dr. Glenn's medical opinion because it was based on Plaintiff's subjective complaints. However, "[n]umerous courts have recognized that fibromyalgia's 'symptoms are entirely subjective and [that] there are no laboratory tests that can confirm the presence or severity of the syndrome.'" *McIntire v. Colvin*, No. 3:13-CV-143, 2015 WL 401007, at *41 (N.D.W.Va. Jan. 5, 2015) (quoting *Stahlman v. Astrue*, No. 3:10-CV-475, 2011 WL 2471546 (E.D. Va. May 17, 2011)). The primary symptom of fibromyalgia is chronic, widespread pain, *Johnson v. Astrue*, 597 F.3d 409, 414 (1st Cir. 2009), and "physical examinations will usually yield normal results – full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions," *Green-Younger v. Barnhart*, 335 F.3d 99, 108-09 (2nd Cir. 2003) (citation omitted).

all evidence that is presented in support of an individual's case, including disability decisions of other agencies. SSR 06-3p, 2006 WL 2329939, at *6 (Aug. 9, 2006). Moreover, "the [ALJ] should explain the consideration given to these decisions in the notice of decision . . . ." SSR 06-3p, 2006 WL 2329939, at *7; *see also Alexander* 2010 WL 4668312, at *4 ("Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ us required to examine them in determining an applicant's eligibility for benefits.")

Applying the same regulations governing Social Security Administration determinations, the NCDHHS determined that Plaintiff was limited to light work "with occasional stooping and crouching, occasional balancing, and no climbing a ladder, rope or scaffold." (Tr. 181-82.) This resulted in a directed finding of disabled. (Tr. 182.) The ALJ stated as follows with respect to the Medicaid decision:

> The record also contains evidence that the claimant became eligible for Medicaid benefits as of September 2011. The award of Medicaid benefits is not dispositive of the issue of disability in the current social security proceeding, and is an ultimate issue to be determined by the Social Security Administration. The undersigned, however, has considered the award in formulating the claimant's residual functional capacity.

However, from the ALJ's lack of explanation it is unclear how the Medicaid disability finding was considered in the ALJ's RFC determination that Plaintiff is capable of the full range of medium work. This court has previously found the same cursory discussion to be deficient. *Baughman v. Colvin*, No. 5:13-CV-143-FL, 2014 WL 3345030, at *7 (E.D.N.C. July 8, 2014) (adopting memorandum and recommendation) (remanding where the ALJ dismissed the NCDHHS determination in a conclusory fashion by stating the decision was not binding on the SSA); *see also Bridgeman v. Astrue*, No. 4:07-CV-81-D, 2008 WL 1803619, at *10 (E.D.N.C. Apr. 21, 2008) (adopting memorandum and recommendation) (remanding case where ALJ noted Claimant's eligibility to receive Medicaid assistance, but failed to explain – other than stating the

7

Case 5:14-cv-00689-KS Document 29 Filed 02/22/16 Page 7 of 8

determination was not binding – why it was given no weight). As such, the ALJ's determination regarding the NCDHHS determination fails to satisfy the requirement of SSR 06-03p, requiring the ALJ to "explain the consideration given." SSR 06-03p, 2006 WL 2329939, at *7. Accordingly, the ALJ failed to "provide sufficient articulation for his reasons for [dismissing the Medicaid decision] so as to allow for a meaningful review by the courts." *Taylor v. Astrue*, No. 7:10-CV-149-FL, 2011 WL 2669290, at *5 (E.D.N.C. July 7, 2011).

### c. Credibility

Plaintiff also asserts that the ALJ erred in assessing his credibility. (Pl.'s Mem. at 13-16.) Given the undersigned's recommendation that the case be remanded for further consideration of the treating physician's medical opinions and the NCDHHS Medicaid determination, there exists a substantial possibility that the Commissioner's credibility finding may be different on remand. Accordingly, the undersigned expresses no opinion whether the Commissioner erred in assessing Plaintiff's credibility.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #15] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #19] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 19th day of February 2016.

                                                                     _/s/ Kimberly A. Swank_
                                                                     KIMBERLY A. SWANK
                                                                     United States Magistrate Judge